# JACINTO LOPEZ Y MARTINEZ
## v.
# RUBERT BROS.

Equity, No. 449.

1. As between the vendor and vendee of land in Porto Rico, water rights for irrigation purposes, if they exist, run with the land, and pass to the vendee unless specifically reserved by the vendor.

2. The court refuses to hold that either of the parties to this suit has any title to the water or water right in question, as against the people of Porto Rico.

3. In the absence of positive law to the contrary, the court holds to the doctrine of § 8 of the national reclamation act, "that the right to the use of water . . . shall be appurtenant to the land irrigated, and

Lopez y Martinez v. Rubert Bros.

beneficial use shall be the basis, the measure, and the limit of the right." 32 Stat. at L. 390, chap. 1093, U. S. Comp. Stat. Supp. 1907, p. 515.

Opinion filed July 31, 1908.

—————

*Messrs. Sweet, Rossy, & Campillo,* for plaintiff.

*Messrs. Tord, Toro, & Canales,* for defendants.

RODEY, Judge, delivered the following opinion:

This cause is before us on the issue raised by the plea against the cause of action. The suit is by the succession of Jacinto Lopez Martinez to recover a water concession or right. The plea is that the concession was given by the then Spanish government or authorities, many years ago, as stated, but that it runs with the land; and, as respondents are owners of the land, that hence the complainants have no right to recover.

Complainants base their right of recovery on the ground that the water right in question was and is separate from the land, and was never transferred with the land in any way; and, although they allege they are still the owners of a piece of the land, they do not seek to recover on that ground.

The cause was not argued before us as elaborately as such an important question would deserve, nor are the briefs satisfactory in that regard. However, until we are shown to the contrary, we shall hold that the rule in Porto Rico is the same as the policy of our nation now certainly is,—that the right to the use of water for irrigation purposes shall be appurtenant to the land irrigated, and that beneficial use shall be the basis, the measure,

and the limit of the right.   This is the language of the proviso
to § 8 of the reclamation act (32 Stat. at L. 390, chap. 1093,.
U. S. Comp. Stat. Supp. 1907, p. 515), in the framing and pass-
ing of which the writer of this short opinion took a considerable
part as a member of the 57th Congress.

The plea will therefore be sustained and the bill dismissed
without prejudice, and we desire it to be distinctly understood
that by this action we do not intend to hold that either one or
the other of the parties to this suit has any right or title to the
whole or any of said water or water right as against the people
of Porto Rico, but we do hold that, if any title to the water
right exists as set out in the bill, such water right is appurtenant
to and runs with the land it was originally conceded for.